IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STEVE V. REED,**

        **Plaintiff,**

  v.                        CASE NO.17-3059-SAC-DJW

**JOE NORWOOD, et al.,**

        **Defendants.**

**O R D E R**

This matter is before the Court on Plaintiff's motion for injunctive relief from direct retaliation (Doc. 23) filed on August 23, 2017. The first page of Plaintiff's motion is cut off at the bottom resulting in the omission of some of his allegations. The portion of the motion received by the Court states that legal counsel for the Lansing Correctional Facility ("LCF") and EAI members at LCF have threatened Plaintiff in an attempt to get him to dismiss this action. Plaintiff does not further describe the threats or further identify the parties who made them. He requests that the legal counsel be "releas[ed] from any further involvement" and that the threats be "immediately addressed."

1

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Reed "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

Although the Court will construe a pro se litigant's filings liberally, requests for relief must be supported, at a minimum, by factual allegations. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991) (stating rule of liberal construction "applies to all proceedings involving a pro se litigant"); Fed.R.Civ.P. 7(b)(1)(B) (requiring requests for a court order to "state with particularity the grounds for seeking the order").

Without specific allegations about the threats made, the Court is unable to find that Plaintiff is likely to suffer

irreparable harm as required to issue a preliminary injunction. Therefore, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** Plaintiff's motion for injunctive relief (Doc. 23) is denied.

**IT IS SO ORDERED.**

DATED:  This 1st day of September, 2017, at Topeka, Kansas.


                    **s/ Sam A. Crow**
                    **SAM A. CROW**
                    **U.S. Senior District Judge**