**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**STEVE V. REED,**

                         **Plaintiff,**

         **v.**                            **CASE NO.17-3059-SAC-DJW**

**JOE NORWOOD, et al.,**

                         **Defendants.**


**O R D E R**

This matter is before the Court on Plaintiff's motion for injunctive relief (Doc. 27) filed on September 5, 2017. Plaintiff alleges that legal counsel for the Lansing Correctional Facility ("LCF") attempted to pressure him into signing an agreement to dismiss his complaint and tried to cause his "transfer to an unsafe facility." Plaintiff further alleges that members of the Gangster Disciples were given access to cellhouse where Plaintiff was housed "in order to possibly cause harm to the plaintiff if given the opportunity." He asks the Court to "releas[e] legal counsel Sherri L. Price of any further involvement" and states that "as long as the plaintiff remains in the custody of the KDOC[,] plaintiff's safety remains in

jeopardy through threats." From this, the Court infers that Plaintiff is also requesting release from KDOC custody.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

The allegations Plaintiff makes do not establish that injury is "certain . . . and not theoretical." *See Heideman*,

348 F.3d at 1189.  He has not alleged that injury is more than "merely feared as liable to occur at some indefinite time in the future."  *See Connecticut*, 282 U.S. at 674.

Furthermore, a party seeking a preliminary injunction generally must ask for intermediate relief of the same character as that which may be granted at the conclusion of the underlying case.  *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).  Mr. Reed seeks compensatory damages and transfer from Lansing Correctional Facility in the underlying lawsuit, while his motion for injunctive relief seeks release from custody.  "In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus."  *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

In addition, Plaintiff has not alleged adequate grounds for the extreme measure of removing Defendants' attorney.  The order for a *Martinez* report directed Defendants to "consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint."  Doc. 6, p. 8.  This encompasses engaging in settlement negotiations with Plaintiff.  Plaintiff's conclusory allegations do not support a finding of misconduct on the part of Ms. Price.

For the reasons explained above, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** Plaintiff's motion for injunctive relief (Doc. 27) is denied.

**IT IS SO ORDERED.**

DATED: This 19th day of September, 2017, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**